UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EDDI R. DIYENNO-MESSENGER & <br> AMANDA L. DIYENNO-MESSENGER, <br> *Plaintiffs* <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> *Defendant* <br><br> . | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br><br><br> CASE NUMBER:  1:21:cv-00201 |

## PLAINTIFFS' COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

1. Plaintiffs, Eddi R. Diyenno-Messenger ("Eddi" herein) and Amanda L. Diyenno-Messenger ("Amanda" herein) herein (also collectively "Plaintiffs" herein), bring this action under The Federal Tort Claims Act ("FTCA") against the Defendant, United States of America ("Defendant" herein), and will show as follows:

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1346(b) and 28 U.S.C. § 2671, *et seq.* as per the Federal Tort Claims Act (FTCA).

3. Pursuant to 28 U.S.C. §2671 of the FTCA, Plaintiffs, on or about October 21, 2019, timely presented their claims to the United States Postal Service, the appropriate federal agency for administrative settlement.

1

4. On or about September 18, 2020, the United States Postal Service (Law Department/National Tort Center) formally denied the claims of Plaintiffs by written notification.

5. Plaintiffs now timely file Plaintiffs' Complaint pursuant to 28 U.S.C. § 2401(b) in so much as a) Plaintiffs presented their claims to the United States Postal Service, the appropriate federal agency, within two years of accrual of the causes of action that are the basis of this Complaint and b) are filing this complaint within six months of the date of the denial letter by the United States Postal Service.

6. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, under 28 U.S.C. §1391(b)(2) because the acts and transactions occurred in this district.

## **STANDING**

7. Plaintiffs have suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

8. Plaintiffs further suffered a concrete injury as a result of Defendant's violations contained herein.

## THE PARTIES

9. Plaintiff, Eddi R. Diyenno-Messenger, is an individual who resides in a geographical area within the Austin Division of the Western District of Texas.

10. Plaintiff, Amanda L. Diyenno-Messenger, is an individual who resides in a geographical area within the Austin Division of the Western District of Texas.

11. Defendant, United States of America, is the proper party for claims for personal injury as a result of the negligent acts, and/or wrongful acts, and/or omissions of employees of the United States Postal Service ("USPS" herein) while acting within the course and scope of their office or employment, under circumstances whereby the Defendant, if a private person, would also be liable to the Plaintiffs, pursuant to the FTCA. Service may be affected on the United States of America in accordance with FRCP 4(i):

## FACTUAL ALLEGATIONS

12. On March 6, 2018, Plaintiff Eddi was an employee of Edwards Mail Service, Inc. ("Edwards" herein), a private company. Edwards, in turn, contracted with the United States Postal Service for the purposes of providing employees to transport large amounts of mail from facilities of the USPS into postal trucks.

13. On March 6, 2018, Plaintiff, Eddi R. Diyenno-Messenger, while at a USPS facility at 9001 Tuscany Way, Austin, Texas 78754 ("facility" herein), was manually pushing a Bulk Metal Center Container (BMCC), which is a large metal cart containing mail and packages, at a load dock (See Exhibit A incorporated herein).

14. Plaintiff Eddi came to a stop after the wheels on her BMCC impacted a loose, metal component that had fallen from another BMCC, and that the USPS did not remove from the premises.

15. After Plaintiff Eddi came to a stop with her BMCC, an employee of the USPS (Plaintiffs have information and belief that the last name of the employee is "Ford" but refers to such employee as "John Doe" herein) who was immediately behind Eddi, while also transporting a BMCC, failed to stop, thereby allowing John Doe's BMCC to collide into Plaintiff Eddi. The impact of John Doe's BMCC literally crushed Plaintiff Eddi as she became sandwiched between the two BMCCs.

16. Plaintiff Eddi has information and belief that John Doe did not maintain a safe distance from Plaintiff Eddi's BMCC. The USPS facility had markers on the ground to serve as stopping points for each respective BMCC. Plaintiff Eddi has information and belief that John Doe did not follow these guidelines and was past the marker and was too close to Plaintiff Eddi at the time of the collision.

17. Plaintiff Eddi has information and belief that the BMCC of John Doe contained letters/packages that exceeded the capacity of the BMCC.

18. Plaintiff Eddi has information and belief that the weight of John Doe's BMCC was in excess of 1000 pounds. As a result of the impact, Plaintiff Eddi incurred serious bodily injury. Indeed, but for her great muscular build, Plaintiff Eddi could have otherwise died from the impact of John Doe's BMCC.

19. Plaintiff Amanda L. Diyenno-Messenger is the legal spouse of Plaintiff Eddi and thereby brings claims for loss consortium and/or related claims in her capacity as the spouse of Plaintiff Eddi.

## COUNT I—NEGLIGENCE

20. Plaintiffs re-allege the above paragraphs as if set forth fully in this count.

21. Defendant, by and through John Doe, had a duty to exercise the degree of care that a reasonably careful person/party would use to avoid harm to others under circumstances similar to those described herein.

22. Plaintiffs' injuries were proximately caused by Defendant's negligent, careless and reckless disregard of said duty.

23. The negligent, careless and reckless disregard of duty of Defendant consisted of, but is not limited to, the following acts and omissions (non-exhaustive):

    A) Defendant John Doe, an employee of the USPS, while performing duties as an employee of the USPS, failed to stop his/her BMCC, and allowed his/her BMCC to seriously injure Plaintiff Eddi;

    B) Defendant John Doe, while performing duties as an employee of the USPS, failed to maintain a safe distance from Plaintiff Eddi, in violation of USPS guidelines and markers at the facility;

    C) Defendant John Doe, while performing duties as an employee of the USPS, transported a BMCC that exceeded a safe capacity, thereby obstructing his/her view and creating a danger due to the additional weight of the BMCC;

    D) Defendant John Doe failed to avoid the collision with his/her BMCC prior to impact with Plaintiff Eddi;

    E) Defendant, by and through the USPS and its employees, allowed a metal piece of a BMCC to fall onto the ground and impact the BMCC of Plaintiff Eddi. Moreover, the USPS failed to promptly remove the metal piece from the premises prior to the collision;

F) Defendant USPS, by and through its employees, failed to properly train and supervise John Doe and other USPS employees a) to remove loose debris from the premises and b) to maintain a safe distance between the BMCCs and c) to limit the capacity of the BMCC to a safe level.

24. Defendant's conduct and/or omissions were the proximate cause of resulting damages to Plaintiffs.

## COUNT II—PREMISES LIABILITY

25. Plaintiffs re-allege the above paragraphs as if set forth fully in this count.

26. At all times, Defendant, by and through its agency, USPS, was in control of the subject premises at the facility.

27. Plaintiff Eddi was an invitee on the subject premises/facility by virtue of her being a contractor of Edwards.

28. Defendant had a duty to exercise the degree of care that a reasonably careful person/party would use to avoid harm to others under circumstances similar to those described herein.

29. The conduct of the Defendant by and through its agency, USPS, constituted a breach of the duty of ordinary care owed by Defendant to Plaintiff Eddi. Defendant knew or should have known of the dangerous condition on the Premises, namely the lose BMCC metal piece on the premises, that created an unreasonable harm to Plaintiff Eddi and other invitees.

30. Defendant by and through its agency, USPS, failed to exercise ordinary care to reduce or eliminate this risk by failing to maintain the premises in a safe condition, and by failing to warn and protect Plaintiff Eddi from the dangerous condition. Each of these acts

and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff Eddi's injuries and damages that are described below.

31. Plaintiff Eddi's injuries were proximately caused by Defendant, by and through its agency, USPS, and Defendant's negligent, careless and reckless disregard of said duty.

32. The negligent, careless and reckless disregard of duty of Defendant consisted of, but is not limited to, the following acts and omissions (non-exhaustive):

A. Defendant, by and through the USPS and its employees, failed to ensure a safe distance between the BMCCs of Defendant and Plaintiff Eddi;

B. Defendant, by and through the USPS and its employees, failed to remove debris from a BMCC, that resulted in the need for Plaintiff Eddi to stop while operating her BMCC;

C) Defendant, by and through the USPS and its employees, failed to adequately warn Plaintiff Eddi of the danger of the impact of a BMCC.

D) Defendant, by and through the USPS and its employees, failed to place clearer markers at the points between the BMCCs.

E) Defendant allowed for John Doe to transport a BMCC that exceeded a safe capacity, thereby obstructing his/her view and creating a danger due to the additional weight of the BMCC.

## DAMAGES SUSTAINED BY PLAINTIFF EDDI

32. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Eddi has caused to suffer and to incur the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff Eddi for the necessary care and treatment of the injuries resulting from the assault complained of herein and such charges are reasonable and were usual and customary charges for such services in Travis County, Texas;

B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C. Pain and suffering in the past and present;

D. Pain and suffering in the future;

E. Physical impairment in the past and present;

F. Physical impairment which, in all reasonable probability, will be suffered in the future;

G. Lost wages in the past, present and future;

H. Loss of earning capacity in the past, present and loss of earning capacity, which will, in all probability, be incurred in the future;

I. Loss of Consortium in the past and the future, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

J. Past, present and future disfigurement;

K. Past and present mental anguish;

L. Future mental anguish which in all probability may be incurred in the future;

M. Disability in the past and present;

N. Future disability which in all probability may be incurred in the future;

O. Emotional Distress in the past, present and future;

P. Loss of enjoyment of life in the past, present and future;

Q. Interest on medical financing;

R. Special damages as pled;

S. Any other economic and/or pecuniary damage.

## DAMAGES SUSTAINED BY PLAINTIFF AMANDA

33. Plaintiff Amanda, in her capacity as spouse for Plaintiff Eddi, seeks damages including and not limited to Loss of Consortium in the past and the future, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, Eddi R. Diyenno-Messenger and Amanda L. Diyenno-Messenger, pray that the Defendant, United States of America, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs again Defendant for damages in an amount within the jurisdictional limits of the Court, including pre-judgment interest; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

/s/Brent A. Devere
Brent A. Devere
SBN#00789256
1411 West Avenue, Suite #200
Austin, Texas 78701
Ph: 512-457-8080 Fax: 512-457-8060
Email: BDevere@1411west.com

*Attorney for Plaintiffs*

Respectfully submitted,

/s/Brent A. Devere
Brent A. Devere
SBN#00789256
1411 West Avenue, Suite #200
Austin, Texas 78701
Ph: 512-457-8080 Fax: 512-457-8060
Email: BDevere@1411west.com

*Attorney for Plaintiffs*